**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Larry Klayman,** | ) | **CASE NO. 1: 15 CV 1683** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **v.** | ) | |
| | ) | |
| **Lawrence R. Loeb,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

*Pro se* Plaintiff Larry Klayman has filed this action against Defendant Lawrence R. Loeb, a lawyer appointed to serve as a Magistrate in the Domestic Relations Division of the Cuyahoga County Court of Common Pleas. The plaintiff alleges Loeb deprived him of his constitutional rights and intentionally caused him emotional distress while presiding over a custody dispute between the plaintiff and his ex-wife in Cuyahoga County. He seeks $3 million in damages and declaratory and injunctive relief. Loeb has filed a motion to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 4), to which the plaintiff has responded. For the reasons stated below, the motion to dismiss is granted and this action is dismissed.

**Background**

The plaintiff was divorced from his wife, Stephanie Ann Luck, in Virginia in 2003. Ms. Luck was awarded primary custody of the parties' children and subsequently moved with the

children to Ohio. In the summer of 2007, the plaintiff, now a Florida resident, filed for custody of the children in the Cuyahoga County Court of Common Pleas because Luck was allegedly not complying with the parties' agreed-upon visitation and engaged in other misconduct.

Defendant Loeb conducted judicial proceedings in the state custody proceeding. Shortly after the first status conference in which Luck was told she must abide by the parties' Consent Marital Settlement Agreement and permit the parties' previously-agreed visitation, Luck reported to the Cuyahoga County Department of Children and Families (CCDCF) that the plaintiff had sexually abused one of the parties' children. The CCDCF ultimately found those allegations unfounded, and the district attorney declined to prosecute, acknowledging that allegations of abuse is a commonly-used tactic in custody disputes. Magistrate Loeb nevertheless found during the course of the custody proceeding that the plaintiff had acted in a grossly inappropriate manner with the children. In his Magistrate Decision, issued on June 9, 2010, he pointed out that he was obligated to make his own independent analysis based upon the parties and evidence before him, and he found that on more than one occasion the plaintiff had "act[ed] in a grossly inappropriate manner with the children." *Klayman v. Luck*, Case Nos. 97974, 97075, 2012-Ohio-3354, ¶ 25 (Ohio App. 8th Dist. Jul. 26, 2012). Ultimately, Magistrate Loeb recommended dismissal of the plaintiff's motion to reallocate parental rights and responsibilities but that the plaintiff have supervised parenting time with the children. The trial court adopted the Magistrate's recommendation, and the trial court's judgment was affirmed by the Ohio Court of Appeals.

On June 6, 2013, the plaintiff sued Magistrate Loeb in the United States District Court for the Middle District of Florida, alleging that Loeb was biased against him due to his religious

and political beliefs and that Loeb's Magistrate Decision was a false and misleading diatribe issued by Magistrate Loeb to chill his speech and exercise of his religion. He alleged four claims against Loeb: claims under 42 U.S.C. §1983 for violating his First Amendment right to religious freedom and to freedom of speech; a §1983 claim alleging a violation of his right under the Fourteenth Amendment to equal protection; and a state-law claim for intentional infliction of emotional distress.

On January 27, 2014, the District Court for the Middle District of Florida dismissed the plaintiff's action. The court *sua sponte* determined it lacked subject-matter jurisdiction under the *Rooker/Feldman* doctrine, which prohibits federal courts from exercising subject-matter jurisdiction over appeals from state court decisions. In the alternative, the court held that, assuming it had subject-matter jurisdiction over some of the plaintiff's claims, it lacked personal jurisdiction over Loeb and venue was improper. The court dismissed the plaintiff's action on the latter grounds without prejudice. *See Klayman v. Loeb*, Case No. 5: 13 CV 0267-Oc-10PRL (M.D. Fla.). The plaintiff did not appeal the court's decision. On August 21, 2015, he filed this action alleging the same claims against Loeb.

Loeb has moved to dismiss the case for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). He argues the *Rooker/Feldman* doctrine precludes the Court from exercising subject-matter jurisdiction in this case, relying on the reasoning of the District Court for the Middle District of Florida which found the *Rooker/Feldman* doctrine prevented an exercise of subject-matter jurisdiction over the plaintiff's claims because they constituted an attempt to use a federal court to overturn a state court custody decision. In addition, he argues the plaintiff's claims fail to state a claim on which

relief may be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they are barred by the statute of limitations, he is immune from suit as a judicial officer, and the plaintiff's allegations are insufficient to allege any plausible constitutional or state-law claims.

**Analysis**

Upon review, the Court does not find it lacks subject-matter jurisdiction on the basis of the *Rooker/Feldman* doctrine. The Sixth Circuit has held the doctrine does not apply where a plaintiff does not appeal a state court's domestic relations decision but, instead, "challenges the conduct of the individuals who happened to participate in that decision." *Alexander v. Rosen*, 804 F.3d 1203, 1206-07 (6th Cir. 2015). Fairly construed, the plaintiff's complaint does not seek to overturn the custody decision made by Magistrate Loeb in the state custody case but, instead, purports to challenge Loeb's conduct in making the custody decision. Under *Rosen*, *Rooker/Feldman* does not apply.

Nonetheless, the Court agrees with Magistate Loeb that the plaintiff's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). To survive a dismissal under Rule 12(b)(6), a complaint's factual allegations must be sufficient to raise a right to relief above a speculative level when the factual allegations are presumed true and construed in the plaintiff's favor. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). A complaint must be dismissed under Rule 12(b)(6) if it does not plead facts sufficient to state a "claim to relief that is plausible on its face." *Id.* While *pro se* pleadings generally are held to less exacting standards than pleadings drafted by lawyers, the plaintiff here asserts he is a well-known, highly-experienced lawyer; thus, the lenient considerations typically accorded *pro se* plaintiffs do not apply in this case. *See Presnick v. Bysiewicz,* 297 F. Supp. 2d 431, 433 (D. Ct. 2003).

The plaintiff's complaint fails to allege any plausible claim on which relief may be granted for several reasons.

First, it is well-established that judges are entitled to absolute judicial immunity from suits for money damages unless their actions were taken in complete absence of all jurisdiction. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Absolute judicial immunity extends to non-judicial officers who perform quasi-judicial functions, which are tasks integral or intertwined with the judicial process. *Id.*

Magistrate Loeb had authority to hear the plaintiff's case and clearly acted in a judicial capacity when he heard and issued his Magistrate Decision in the plaintiff's state custody case. Accordingly, Magistrate Loeb is immune from plaintiff's §1983 and state-law damages claims arising out of his June 9, 2010 Magistrate Decision. *See Bush*, 38 F.3d 842 (probate court administrator and referee were immune from §1983 civil rights action in connection with state juvenile proceeding); *Planey v. Mahoning Cty. Court of Common Pleas*, 2009-Ohio-5684 (Mahoning Cty. April 14, 2009) (judges and magistrates were judicially immune from damages action in connection with a ruling in state divorce proceeding).

Second, all of the plaintiff's claims are barred by the statute of limitations. The "appropriate statute of limitations for 42 U.S.C. §1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Claims for intentional infliction of emotional distress under Ohio law are generally governed by a four-year statute, *see Yeager v. Local Union 20*, 6 Ohio St. 3d 369 (1983), *abrogated on other grounds by Wellington v. Weinfeld*, 113 Ohio St.3d 464 (2007), but are

covered by a one-year statute when "the essential character of the claims for infliction of emotional distress [is] defamation." *Grover v. Bartsch*, 2006-Ohio-6115, ¶ 53 (Ohio App. 2d Dist. 2006).

All of the plaintiff's claims arise out of Magistrate Loeb's June 9, 2010 Magistrate Decision in the Ohio custody case and thus accrued on that date, but the plaintiff filed this action more than five years afterward, on August 21, 2015. Accordingly, all of the plaintiff's alleged claims are time-barred, even assuming that his emotional distress claim is governed by the four-year statute of limitations.

The plaintiff argues his claims are timely because Florida's four-year statute of limitations, not Ohio's two-year statute, applies to his § 1983 claims and because he is entitled to equitable tolling under an Ohio saving statute, which provides that "if the plaintiff fails [in an action that was commenced] otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits." Ohio Rev. Code § 2305.19(A).

The plaintiff's statute of limitations arguments are not persuasive. First, the plaintiff's §1983 claims are untimely even if Florida's four-year statute applied to them because the plaintiff filed this action more than five years after his claims arose on June 9, 2010, when Magistrate Loeb issued his Magistrate Decision. Second, even if the Ohio "saving statute" on which the plaintiff relies applied, the plaintiff's prior federal lawsuit was dismissed by the Middle District of Florida on January 27, 2014. Therefore, the plaintiff would have had one year from January 27, 2014 under the saving statute in which to re-file his claims against Magistrate Loeb, but he did not file the complaint in this case until August 21, 2015, after the savings period

provided in the statute expired. In short, the plaintiff's claims are untimely and must be dismissed whether Florida or Ohio statute-of-limitations law applies.

Third, the plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to allege any plausible constitutional claim against Magistrate Loeb, and this Court would not assert supplemental jurisdiction over any state-law claim in the absence of a viable federal claim. In Count One, the plaintiff alleges Magistrate Loeb "manufactured false facts and engaged in other attacks on Plaintiff Klayman's religious beliefs, morality, ethics, character and honesty for his belief in Jesus Christ as the Lord and Savior and Son of God in violation of Klayman's First Amendment right of freedom of religion." (Compl., ¶27.) In Count Two, he alleges Loeb violated his "right to free speech by punishing the Plaintiff for his well established religious beliefs and conservative legal and political activism that did not coincide with his own religious and leftist political beliefs." (*Id.*, ¶32.) These allegations are purely conclusory and are insufficient to allege a plausible First Amendment claim. Although the plaintiff believes Magistrate Loeb was biased against him and made false statements about him in his Decision (because of Magistrate Loeb's own political and religious beliefs), he does not allege facts in his complaint supporting his purely conclusory accusations. Furthermore, the plaintiff does not allege facts in his complaint plausibly suggesting his First Amendment rights to free speech and to exercise his religion were impaired in any way.

The plaintiff's equal protection claim alleged in Count Three likewise fails to state a plausible claim. In this Count, the plaintiff conclusorily alleges that "Loeb violated [his] rights of equal protection under the law by illegally discriminating against him and making malicious and false recommended findings against him because of his religious, legal, and political

conservative beliefs and practices." (*Id*., ¶37.) "To state an equal protection claim, a plaintiff must adequately plead that the government [treats certain people] disparately as compared to similarly situated persons and that such disparate treatment either [sic] burdens a fundamental right, targets a suspect class, or has no rational basis." *Raymond v. O'Connor*, 526 Fed. App'x. 526, 530 (6th Cir. 2013) (quoting *Ctr. for Bio Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)). Thus, "[t]he threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers." *Raymond*, 526 Fed. App'x. at 530 (quoting *Scarbrough v. Morgan Cty. Bd. of Educ*., 470 F.3d 250, 260 (6th Cir.2006)).

The plaintiff has failed to allege a plausible equal protection claim because he has failed to set forth a plausible allegation of disparate treatment. He alleges no facts whatsoever suggesting that a similarly-situated individual of a different religious and political viewpoint was treated differently than he was by Magistrate Loeb.

**Conclusion**

For all of the reasons stated above, the plaintiff has failed to allege a claim on which relief may granted against Magistrate Loeb; accordingly, the Magistrate Loeb's motion to dismiss the plaintiff's complaint is granted pursuant to Fed. R. Civ. P. 12(b)(6), and this action is dismissed.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/4/16